**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 14-1495

UNITED STATES OF AMERICA,

Appellee,

v.

MARKEVIN FAUCETTE,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Stahl and Barron,
Circuit Judges.

Elaine Mittleman on brief for appellant.
Margaret D. McGaughey, Assistant United States Attorney, and
Thomas E. Delahanty II, United States Attorney, on brief for
appellee.

June 17, 2015

**PER CURIAM**.  The defendant organized an operation which transported a substantial amount of drugs to Lewiston, Maine.  A two-count indictment charged the defendant with conspiracy to possess with intent to distribute 28 grams or more of cocaine base (Count I) and possession with intent to distribute 28 grams or more of cocaine base (Count II).  The defendant pled guilty only to Count I.  The defendant's presentence investigation report (PSR) incorrectly stated that he had pled guilty to both Count I and Count II.  The defendant failed to object to that error in the PSR.  His supplemental sentencing memorandum — submitted by new counsel and not the lawyer who represented him at the Rule 11 hearing — also inaccurately represented that he had pled guilty to both counts.

The PSR determined that the defendant's prior felony convictions triggered career offender status, giving him Offense Level 37 and Criminal History Category VI.  See U.S.S.G. § 4B1.1. After decreasing his total offense level by three for acceptance of responsibility, see U.S.S.G. § 3E1.1, the PSR calculated the defendant's guideline range at 262 to 327 months of imprisonment. At sentencing, both the government and defense counsel affirmed that they had no objections to the PSR's guideline calculation. The district court sentenced the defendant to 200 months in prison — below the career offender range — and eight years of supervised release on both Counts I and II, to be served concurrently.  The

- 2 -

court imposed a $200 special assessment, $100 for each count.  Both the government and defense counsel failed to catch the district court's error sentencing the defendant on Count II when he only pled to Count I, and the district court entered judgment against the defendant on both counts.

As the government concedes, the district court erred when it entered judgment against the defendant on both counts.  Thus, we remand this action and direct the district court to vacate the concurrent term of imprisonment, supervised release, and second $100 special assessment imposed on Count II, and to dismiss Count II of the indictment.[1]

So ordered.

---

[1] The defendant also asks this court to remand for the district court to resentence him under the Sentencing Commission's Amendment 782, which decreased applicable base offense levels for many drug violations.  See U.S.S.G. App. C, Amends. 782, 788 (Nov. 1, 2014).  Such a directive from this court is not in order.  In the first place, the proper course for "a defendant who seeks resentencing under a retroactive guideline amendment is to file a motion in the district court."  United States v. Jones, 778 F.3d 375, 390 (1st Cir. 2015).  In any event, as the district court observed during the defendant's sentencing hearing, Amendment 782 does not affect his sentence because his career offender status dictated his base offense level calculation, not the quantity of drugs involved in the offense.  Compare U.S.S.G. § 4B1.1, with U.S.S.G. § 2D1.1.  To the extent that the defendant seeks resentencing on other grounds — an argument that is sparse at best and appears only in his reply brief — he cites no controlling authority warranting a remand for resentencing on Count I.